FILED
2019 Sep-05 PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHY ALBERTA MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:18-cv-00588-LSC |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

The plaintiff, Kathy Alberta Matthews, proceeding *pro se*, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"). Ms. Matthews timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Matthews was 53 years old at the time of the Administrative Law Judge's ("ALJ's") decision (tr. at 14, 120), she has a high school education (tr. at 152), and she has no past relevant work (tr. at 44). Ms. Matthews claims that she became

1

disabled on January 30, 2009 (tr. at 17), due to back problems, bulging discs, hypertension, depression, and migraine headaches. (Tr. at 120, 150.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d

1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can

make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Matthews has not engaged in SGA since the application date. (Tr. at 19.) According to the ALJ, Plaintiff's obesity and hypertension are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, she found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 22.) The ALJ did not find Ms. Matthews's allegations to be fully credible, and she determined that Ms. Matthews has the following RFC: "full range of work at all exertional levels but with the following nonexertional limitations: no climbing ladders, ropes, or scaffolds; and no unprotected heights or hazardous machinery." (*Id.*)

According to the ALJ, Ms. Matthews does not have any past relevant work, she is an "individual closely approaching advanced age," and she has at least a high school education, as those terms are defined by the regulations. (Tr. at 22-23.) She determined that "transferability of job skills is not an issue because the claimant does

not have past relevant work." (Tr. at 23.) Because Plaintiff's "ability to perform work at all exertional levels has been compromised by nonexertional limitations," the ALJ enlisted a vocational expert ("VE") and used Medical-Vocation Rule 204.00 as a guideline for finding that there are a significant number of jobs in the national economy that she is capable of performing, such as cashier, assembler, and postal worker. (*Id.*) The ALJ concluded her findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, since April 2, 2015, the date the application was filed." (Tr. at 24.)[1]

## II.  Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported

---

[1] The relevant period for Plaintiff's SSI application is the month in which she filed her SSI application (April 2015) through the date of the ALJ's decision (May 25, 2017). (Tr. at 14, 120). *See* 20 C.F.R. §§ 416.330, 416.335; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (explaining SSI appeal "require[d] a showing of disability between [claimant's SSI application date] and the date of the ALJ's decision").

5

by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir.

1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III. Discussion

In her initial complaint and subsequent brief, Ms. Matthews appears to contend that the ALJ's decision should be reversed and remanded because her medical condition has worsened since the denial of her SSI application. She submits additional evidence before this Court that she contends warrants reversal and remand. Plaintiff attaches to her complaint: 1) a prior favorable Notice of Decision for SSI dated September 24, 2010; 2) a letter from Max Michael, M.D., dated March 26, 2018, discussing Plaintiff's condition and treatment; and 3) a radiological report from Delbert Hahn, M.D., dated June 14, 2017, with results of a lumbar spine MRI showing "[n]o evidence of significant degenerative disc disease." (Doc. 1 at 8-12.)

As an initial matter, this Court cannot consider extra-record evidence submitted by Plaintiff in conducting its substantial evidence review of the Commissioner's final decision. Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), expressly limits the Court's jurisdiction to a review of the pleadings and the certified administrative transcript, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action. . . . As part of the Commissioner's answer the Commissioner of Social Security shall file

> a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

42 U.S.C. § 405(g). The Court reviews a closed administrative record because, under § 405(g), "neither party may put any additional evidence before the district court." *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Eleventh Circuit has confirmed that the district court is limited to a substantial evidence review of the certified administrative record. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1268 (11th Cir. 2007) (explaining "a reviewing court is limited to the certified administrative record in examining the evidence") (quoting *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986)).

To the extent Plaintiff's submission of additional evidence can be construed as an implied motion to remand under sentence six of 42 U.S.C. § 405(g); *see also Ingram*, 496 F.3d at 1267-68, the implied motion is not due to be granted. Sentence six of section 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). "The sixth sentence of § 405(g) plainly describes an entirely different kind of remand [from the fourth sentence], appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *see Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (The sixth sentence allows the taking of "new evidence . . . that was not available to the claimant at the time of the administrative proceeding."). To satisfy the criteria for a remand under sentence six of 42 U.S.C. § 405(g), a claimant must establish: (1) the evidence is new and non-cumulative, (2) the evidence is material such that a reasonable possibility exists that it would change the administrative result, and (3) there was good cause for the failure to submit the evidence at the administrative level. *See Caulder*, 791 F.2d at 877.

Some of the evidence Plaintiff attaches to her complaint is cumulative and all of it is immaterial. First, the excerpts from a 2010 favorable ALJ decision—which would have adjudicated the period up to the date of the ALJ's 2010 decision—are immaterial because they do not relate to Plaintiff's condition during the period

9

before the ALJ in this case (April 2015-May 2017). *Cf. Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusion.").

Likewise, Dr. Michael's March 2018 letter—issued almost a year after the ALJ's decision—is immaterial because the letter addresses Plaintiff's condition as of that later time; the letter does not indicate Dr. Michael reviewed any records from the relevant period before the ALJ or otherwise tied his opinion to Plaintiff's condition during the relevant period. Indeed, the Appeals Council considered this additional evidence and concluded it was chronologically irrelevant to the ALJ's May 25, 2017, decision, (Tr. at 2, 13). Evidence is "chronologically relevant" if "it relates to the period on or before the date of the [ALJ's] hearing decision." *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)). Further, Dr. Michael's opinion that Plaintiff is "currently unable to maintain gainful employment" would not be a medical opinion entitled to any special significance. Statements that a claimant is "disabled" or "unable to work" are not medical opinions; rather, they are administrative findings within the ALJ's discretion and entitled to no special deference. *See* 20 C.F.R. § 416.927(d).

Third, the June 2017 MRI report is also not grounds for a sentence six remand as it is merely duplicative of evidence submitted to and considered by the Appeals Council. (Tr. at 2, 13.) Furthermore, Plaintiff has not shown the additional records are material. Even assuming the June 2017 MRI results were new, and not cumulative, they reflect Plaintiff's condition as of the time of the testing—a time period after the ALJ's decision—and indicate no significant abnormality. (Tr. at 2, 13). Accordingly, the evidence is immaterial because there is no reasonable possibility it would change the administrative result. *See Caulder*, 791 F.2d at 877.

For these reasons, none of the additional evidence provided to this Court would materially alter the ALJ's decision and does not warrant a sentence six remand.

The plaintiff also alleges in her complaint that the medical evidence provided to the ALJ gave an incorrect diagnosis and did not accurately reflect her physical condition. The plaintiff does not specify which doctor provided inaccurate information and does not point to any specific piece of evidence in the certified transcript that she believes to be erroneous. Regardless of the plaintiff's lack of specificity in her allegations, this argument does not provide a basis for challenging the ALJ's decision. The ALJ is limited to evaluating the evidence and testimony provided prior to and during the hearing to make a determination of the plaintiff's

disability status. *See generally* 42 U.S.C. § 405; 20 C.F.R. §§ 416.945, 416.920b. In making her determination, the ALJ considered evidence provided by the plaintiff to include statements by both the plaintiff and her daughter as well as relevant medical records from April 3, 2015 to July 10, 2015. (Tr. at 20-22.) Additionally, the plaintiff's medical records were further developed with the Administration's referral of the plaintiff for both a psychiatric and physical consultative exam. (Tr. at 21.) At the hearing, the ALJ heard testimony from the plaintiff regarding her symptoms and from a Vocational Expert about the number of jobs available in the national economy that the plaintiff could perform. (Tr. at 30-46.) The VE's testimony was made in response to a hypothetical question posed by the ALJ that comprised all of the plaintiff's impairments. (Tr. at 30-46.) In her Notice of Decision, the ALJ thoroughly discusses the relevant medical evidence and expert testimony providing the basis for her findings and conclusions of law. After reviewing the certified administrative record, the Court finds that the record contains ample evidence to support the ALJ's findings at all stages of the evaluation process.

## IV. Conclusion

Upon review of the administrative record, and considering all of Ms. Matthews's arguments, the Court finds the Commissioner's decision is supported

by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON SEPTEMBER 5, 2019.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704